UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY SHARPE,

   Plaintiff,        Case No. 07-14386

vs.              Denise Page Hood
               United States District Judge
RICHARD IDEMUDIA, *et al.*,
               Michael Hluchaniuk
   Defendants.       United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I. PROCEDURAL HISTORY**

The present complaint was filed on October 16, 2007 by plaintiff Beverly Sharpe, a prisoner in the custody of the State of Michigan. (Dkt. # 1). In that complaint, plaintiff seeks damages against various employees of the Michigan Department of Corrections (MDOC) based on allegations that she was denied certain rights under the United States Constitution.

Plaintiff sought to proceed under the provisions of 28 U.S.C. § 1915(a), which allows a party with pauper status to file a complaint without payment of customary court fees. (Dkt. # 2). She was granted the ability to proceed *in forma pauperis* by order dated October 19, 2007. (Dkt. # 3).

Counsel appeared on behalf of defendants by filing a Motion For Summary Judgment on February 7, 2007, arguing that defendants did not act with deliberate indifference to a substantial risk of harm to plaintiff, given her history of assaultive behavior and claiming that defendants are protected by qualified immunity. (Dkt. # 15). Plaintiff filed a response on February 27, 2008. (Dkt. # 18).

On November 20, 2007, District Judge Denise Page Hood entered an order referring this case to Magistrate Judge Virginia M. Morgan for all pretrial matters. (Dkt. # 8). On January 14, 2008, this case was reassigned from Magistrate Judge Morgan to the undersigned. (Dkt. # 14).

It appears that the Motion for Summary Judgment filed by defendants (Dkt. # 15) can be decided without further information or arguments from the parties and, **IT IS RECOMMENDED** that defendants' Motion for Summary Judgment be **GRANTED** for the reasons set forth below and that this matter be **DISMISSED**.

II.   STATEMENT OF FACTS

  A.   Plaintiff's Claims

Plaintiff claims that she has been assaulted by a fellow prisoner, Tiffany Young, on at least three occasions over the course of seven years. (Dkt. # 1, p. 2). Plaintiff also claims that because nothing was done about these assaults, she requested a Special Problem Offender Notice (SPON) to be placed in her file so

that she would not be housed with Young. *Id*. Plaintiff filed two grievances regarding this issue and requested, for a second time, a SPON. *Id*. at 3. In response, the MDOC indicated that plaintiff and Young were both Level V, but because the prison only had one Level V unit, they could not be housed separately. They were, however, according to the MDOC response to the grievance, "kept separated." *Id*. Plaintiff disputes the separation. *Id.*

Plaintiff further alleges that various threats were made against her by Young and describes the insufficient responses from the MDOC. *Id*. Further, plaintiff claims that she was unfairly given a major misconduct ticket for fighting because she defended herself when Young attacked her. *Id*. Based on the purported failure by defendants to prevent harm, plaintiff claims that defendants violated MDOC Policy Directive 03.03.130 regarding "protection from mental or physical abuse." *Id*. at 4. Plaintiff asks for the major misconduct ticket to be expunged from her record and for money damages. *Id*.

B. <u>Defendants' Motion for Summary Judgment</u>

Defendants' describe plaintiff's grievances in detail in their statement of facts contained in their motion for summary judgment. (Dkt. # 15, pp. 1-3). Defendants state that the first grievance at issue was filed by plaintiff on October 24, 2004 and that plaintiff "signed off" on this grievance at Step I. *Id*. at 1 (*see*

*also* Dkt. # 1, Ex. 1, Grievance No. SCF 04-11-3407-08F). On March 4, 2005, plaintiff filed a second grievance pertaining to this matter, which plaintiff did not appeal to Step II or Step III. *Id*. at 1-2 (*see also* Dkt. # 1, Ex. 2, Grievance No. SCF 05-03-00037-03B). On April 2, 2005, plaintiff filed another grievance and "signed off" at Step I during her interview. *Id*. at 2 (*see also* Dkt. # 1, Ex. 3, Grievance No. SCF 05-04000977-17I; Dkt. # 15, Ex. 4, Attach. A). On June 12, 2005, plaintiff filed another grievance, which was not pursued to Step II or Step III. (Dkt. # 15, p. 2 and Ex. 2). On June 23, 2005, plaintiff filed another grievance, which was not pursued to Step II or Step III. *Id*. at 2 and Ex. 3 (Grievance No. 05-06-0439-03B). According to defendants, none of these grievances were exhausted, as set forth above and in the grievance inquiry submitted by defendants.[1] *Id*. at 3 and Ex. 1.

Defendants assert that they properly issued a major misconduct ticket to plaintiff for fighting and properly responded to her various grievances, given her

---

[1] While defendants assert, in a single sentence, that plaintiff failed to exhaust her administrative remedies and also provide extensive documentation in support, this defense does not appear to be a basis for their motion for summary judgment, as the issue is neither identified in the issues presented nor analyzed in their supporting brief. (Dkt. # 15). As discussed *infra*, regardless of whether defendant proper raised or analyzed this issue in their summary judgment motion, the undersigned still recommends that the District Court dismiss this matter for failure to exhaust administrative remedies based on the plain and undisputed evidence.

propensity for assaultive behavior. (Dkt. # 15, pp. 3-5, Ex. 4 (affidavit describing various incidents where plaintiff assaulted or threatened other prisoners on at least seven occasions between 2001 and 2005, with documentation attached.)) Defendants argue that, under these circumstances, plaintiff has failed to establish that they were deliberately indifferent, i.e., they acted or failed to act despite having knowledge of a risk of substantial harm. *Id.* at 6-8, citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825 (1994). Defendants argue that, given the evidence they have submitted regarding plaintiff's history of assaultive and threatening behavior and her failure to appeal any grievances, there is no support for plaintiff's claim that they "acted or failed to act despite [their] knowledge of a *substantial* risk of harm" or that there is genuine issue of material fact on this issue. (Dkt. # 15, p. 8, emphasis in original (citation omitted)).

Defendants also claim that they are entitled to qualified immunity because, as MDOC employees sued in their individual capacities, they are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (Dkt. # 15, p. 8, quoting, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Defendants suggest that this Court need not rule on the issue of qualified immunity if this Court determines that plaintiff does not present any material issue

of fact regarding her § 1983 claim because, if a plaintiff is not deprived of a constitutional right, "there is no claim under § 1983 and Defendants have no need for a qualified immunity defense." *Id*. at 9, quoting, *Ahlers v. Schebil*, 199 F.2d 365, 374 (6th Cir. 1999).

      C.      <u>Plaintiff's Response to Motion for Summary Judgment</u>

Plaintiff purports to dispute defendants' claim that she failed to exhaust her administrative remedies, but admits that she did not pursue any of the grievances to Step II or Step III. (Dkt. # 18, pp. 2-3). She claims that she "signed off" on Grievance No. SCF 04-11-3407-08F "because she was told that she and prisoner Young would be moved." *Id*. at 2. Plaintiff asserts that "RSCF staff appears [sic] to make it a practice of interviewing a grievant, promising action and when a grievant signs off, no actions [sic] is taken." *Id*. Further, "[t]his is the case whenever Plaintiff signed off on her grievances." *Id*. at 2, 4 (same). Plaintiff states that the grievances "not pursued to Step II or Step III were for the reasons stated in each individual section on the grievance." *Id*. at 4.

Plaintiff also claims that defendants wrongfully attempt to use her history against her, and fail to produce any documentation regarding her prior major misconduct tickets. *Id*. at 5. Plaintiff claims that she was only acting in self-defense and defendants conveniently fail to attach documentation that would show

this. *Id.* Plaintiff also claims that her prior bad acts are not admissible against her under the rules of evidence and that the admission of such evidence would violate her fundamental right to a fair trial. *Id.* at 5-7.

Plaintiff argues that defendants are not entitled to qualified immunity because their actions violated clearly established constitutional law. *Id.* at 8-9. Finally, plaintiff argues that this Court should construe her pleadings in her favor because she is a *pro se* plaintiff and that her complaint sufficiently gives defendants "fair notice" of her claims. *Id.*

### III. ANALYSIS

#### A. Standard of Review

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the evidence and all reasonable inferences must be construed in favor of the nonmoving party. *Tanner v. County of Lenawee*, 452 F.3d 472, 477 (6th Cir. 2006). Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely on "the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

B.  It is Plainly Evident From the Record That Plaintiff Failed to Exhaust Her Administrative Remedies.

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a § 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983...by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well-settled that, under this statute, the proper exhaustion of available administrative remedies, while not jurisdictional, is a mandatory pre-condition to the filing of an action in federal court challenging prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2387 (2006).

While defendants mention in their brief that plaintiff did not fail to exhaust and provided all the documentation in support, as set forth in footnote one, *supra*, they did not discuss or analyze the issue of exhaustion in their submission. However, the Court may still dismiss this matter for failure to exhaust administrative remedies if there is a sufficient basis in the record for doing so. The Court's authority to do so, even on a *sua sponte* basis, is well-established. In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), while the Supreme Court held

that failure to exhaust is an affirmative defense,[2] the Court also pointed out that prisoner complaints may still be subject to *sua sponte* dismissal for failure to exhaust administrative remedies. *Deruyscher v. Michigan Dep't of Corrections Health Care*, 2007 W.L. 1452929, *2 (E.D. Mich. 2007), citing, *Jones*, 127 S.Ct. at 920-21. *See also Ghosh v. McClure*, 2007 W.L. 400648, at *6 n. 3 (S.D. Tex. 2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit."); *Spaulding v. Oakland Co. Jail Medical Staff*, 2007 W.L. 2336216, *3 (E.D. Mich. 2007) (Where it is clear from the face of the complaint that a plaintiff failed to properly exhaust his administrative remedies in accordance with the applicable grievance policy, the plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim pursuant to *Jones v. Bock*.); *Whitaker v. Gannon*, 2007 W.L. 2744329, *2 (S.D. Ohio 2007) ("even though exhaustion of administrative remedies need not be pled specifically in the complaint, where it is

---

[2] The Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, at 921. The Court further held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id*.

apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure *sua sponte* dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted."); *Leary v. A.R. U.S. Conerly*, 2007 W.L. 1218952 (E.D. Mich. 2007) (lack of exhaustion was obvious from the face of a pleading and requiring the defendant to file a motion to dismiss for failure to exhaust would be a waste of defendants' and the court's time and resources.). Thus, it is appropriate for this Court to undertake a review of the record to determine if plaintiff complied with the PLRA's exhaustion requirement before filing suit.

In *Jones v. Bock*, the Supreme Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. *Id*. at 921. The MDOC provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See e.g. Strodder v. Caruso*, 2007 W.L. 2080416, *9 (E.D. Mich. 2007), citing, MDOC Policy Directive 03.02.130. Failure to appeal through Step III violates the mandate of *Woodford, supra*. *See e.g. Baker v. Vanderark*, 2007 W.L. 3244075, *17 (W.D. Mich 2007). In this case, defendants attached to their submission conclusive evidence establishing that plaintiff failed to exhaust her administrative remedies (Dkt. # 15, 16) and plaintiff readily admits that she did not appeal any of the grievances at issue through Step II

or Step III. (Dkt. # 18). Thus, there is no question that plaintiff failed to exhaust any of the grievances at issue in according with the MDOC Policy Directive and the PLRA.

Plaintiff claims, however, that she should not be held to the exhaustion requirements of the PLRA because MDOC personnel "make it a practice of interviewing a grievant, promising action and when a grievant signs off, no actions [sic] is taken." (Dkt. # 18). The Supreme Court has declined, however, to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Thus, a prisoner does not exhaust available administrative remedies when she files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir.), cert. denied, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner may not abandon the process before completion and then claim that she exhausted his remedies or that it is now futile for her to do so. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999), citing, *Wright*, 111 F.3d at 417 n. 3); *see also Moorer v. Price*, 83 Fed.Appx. 770, 771 (6th Cir. 2003) ("The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is

now time-barred under the regulations."). There is simply no basis in the law for any futility exception to the mandatory exhaustion requirement.

Thus, the undersigned suggests that, given the clear evidence establishing plaintiff's failure to exhaust, and in particular, plaintiff's admission as such, the Court should dismiss this matter on that basis. While it is the documentation provided by defendants and plaintiff's admission in her response to a motion for summary judgment that "conclusively" establish her failure to exhaust, rather than her complaint, it is similarly appropriate to dismiss plaintiff's complaint given the record described above, which includes plaintiff's unequivocal admission. *See Ghosh, supra*, (the court's review of the exhaustion requirement pursuant to 28 U.S.C. § 1915A performed post-summary judgment, based on pleadings and a record that included factual development regarding exhaustion issue.). In light of this conclusion, the undersigned declines to make any recommendation regarding the substance of plaintiff's claims or defendants' other defenses raised in their motion for summary judgment.

## IV. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that defendants' Motion for Summary Judgment be **GRANTED**, and that this matter be **DISMISSED** without prejudice, based on plaintiff's failure to exhaust administrative remedies.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), a copy of any objections must be served on this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limit is extended by the Court. The response

shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: April 28, 2008	s/Michael Hluchaniuk
	Michael Hluchaniuk
	United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Christine M. Campbell, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Beverly Sharpe, #358554, Robert Scott Correctional Facility, 47500 Five Mile Road, Plymouth, MI 48170.

	s/James P. Peltier
	Courtroom Deputy Clerk
	U.S. District Court
	600 Church Street
	Flint, MI 48502
	(810) 341-7850
	pete_peltier@mied.uscourts.gov