5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY SHARPE #358554,

    Plaintiff,

v.

Case No. 2:07-14386

HONORABLE DENISE PAGE HOOD

RICHARD IDEMUDIA, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. BACKGROUND FACTS

The present action concerns Magistrate Judge Michael Huchaniuk's Report and Recommendation ("R & R") [Docket # 19], which recommends that Defendants' Motion for Summary Judgment [Docket # 15] be granted. Petitioner filed an objection to the R & R ("Objection") on May 13, 2008. [Docket # 20].

Petitioner, a prisoner in the custody of the State of Michigan, filed this *pro se* action on October 16, 2007. The Complaint alleges that Petitioner was, over the course of seven years, assaulted by another prisoner, Tiffany Young; that Petitioner formally requested to be separated from Young by filing five grievances; but that "nothing was done" about her grievances. (Compl. at 2-3.)

1

Ultimately, there was a physical fight between Petitioner and Young, which resulted in Petitioner receiving a major misconduct ticket. Because no action was taken by prison officials to separate Petitioner and Young, Petitioner claims that she suffered an Eighth Amendment violation under the United States Constitution. Her Eighth Amendment claim is based upon a failure to protect. As relief, she asks that the major misconduct ticket be expunged from her record and that she receive money damages.

## II. STANDARD OF REVIEW

### A. Report & Recommendation

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Rule 56(c) Summary Judgment

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgement, the evidence and all reasonable inferences must be construed in favor of the nonmoving party. *Tanner v. County of Lenawee*, 452 F.3d 472, 477 (6th Cir. 2006). When a motion for summary judgement is filed, the adverse party may not merely rely on "the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. ANALYSIS

The R & R concludes that Petitioner's claims must be dismissed because Petitioner failed to exhaust all administrative remedies. (R & R at 8-12.) The Court agrees despite the argument raised in Petitioner's Objection that administrative appeals within the prison system are futile. The Prison Litigation Reform Act ("PLRA") of 1995 states that no action challenging prison conditions shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The exhaustion requirement is mandatory, even when relief sought cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Prisoner complaints are subject to *sua sponte* dismissal by the Court for failure to exhaust administrative remedies. *Jones v. Bock*, 549 U.S. 199, 220-21 (2007). The Sixth Circuit has previously held that "an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is not time-barred under the regulations." *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). The Michigan Department of Corrections ("MDOC") provides prisoners with a three-step grievance process for resolving their issues. *See*, MDOC Policy Directive 03.02.130.

Defendants argue that there is no genuine issue of material fact as to whether or not Petitioner failed to exhaust her administrative remedies. Defendants provide exhibits, attached to the Defendants' Motion for Summary Judgment, as evidentiary support for their argument. Petitioner acknowledges her failure to appeal any of the five grievances mentioned in the Complaint through

3

Step II or Step III. [Docket # 20 at 3]. Nonetheless, Petitioner suggests that she should not be held to the exhaustion requirements of the PLRA because it would be futile for her to do so. Petitioner claims that MDOC officials make it a practice of making false promises to prisoners in order to get the prisoners to sign off on the grievances. [*E.g.* Docket # 18 at 10]. However, there is no basis in the law for any futility exception to the mandatory exhaustion requirement. *Wright*, 111 F.3d at 417. Given the evidence establishing Petitioner's failure to exhaust and the clear state of the law regarding exhaustion, Defendants' Motion for Summary Judgment must be granted.

The Court addresses an additional issue raised by Petitioner in the Objection. Petitioner alleges that there was a sixth grievance which was never mentioned in the Complaint. She further alleges that the sixth grievance was completely exhausted. Petitioner provides the grievance form with Grievance Identifier: 06-010004703b (Ex. A), the Step II Appeal Form (Ex. B), and a detailed description of the Step III process, which she allegedly initiated (Attach. A). Petitioner alleges that she did not receive a response to her Step III appeal regarding the sixth grievance, filed on August 1, 2006. However, a party may not raise new issues at the district court stage that were not presented to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir.2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998)).

Petitioner has not set forth specific facts showing that there is a genuine issue for trial and the Court finds that the Magistrate Judge properly dismissed the Complaint. There is no evidence in the record that Petitioner has exhausted all administrative remedies regarding any of the five

4

grievances mentioned in the Complaint.

## IV. CONCLUSION

In light of the foregoing,

IT IS ORDERED that is Magistrate Judge Michael Huchaniuk's Report and Recommendation [Docket #19] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law with respect to Defendants' Motion for Summary Judgment.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Docket # 15] is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner's Complaint is **DISMISSED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Beverly Sharpe #358554, Robert Scott Correctional Facility, 47500 Five Mile Rd. Plymouth, MI 48170 on June 30, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for William F. Lewis
Case Manager

5